UNITED STATES DISTRICT COURT        CIVIL ACTION:
EASTERN DISTRICT OF LOUISIANA

                                  JUDGE:

NATHANIEL WEBBER


VERSUS

                                  MAGISTRATE:

FIRST STUDENT, INC.,
FIRST STUDENT OF ORLEANS, LLC   AND
AMALGAMATED TRANSIT UNION LOCAL 1560
                                JURY TRIAL REQUESTED
*******************************************************************************

## TABLE OF CONTENTS

|  | Page |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 3 |
| JURISDICTION AND VENUE | 4 |
| ADMINISTRATIVE PREREQUISITES | 5 |
| FACTUAL ALLEGATIONS | 6 |
| STATMENT FOR RELIEF | 8 |
| CAUSE OF ACTION | 10 |
| PRAYER FOR RELIEF | 14 |

1

## COMPLAINT

Plaintiff NATHANIEL WEBBER for this Complaint against Defendant(s) who allege as follows:

## NATURE OF ACTION

This is a civil action seeking redress for unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; the Civil Rights Act of 1991; the federal anti-retaliation provisions contained therein; and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

Plaintiff also asserts supplemental state-law claims under the Louisiana Employment Discrimination Law (LEDL), La. R.S. § 23:301 et seq.; the Louisiana Commission on Human Rights Act, La. R.S. § 51:2231 et seq.; and the Louisiana Whistleblower and Retaliation Statutes, La. R.S. § 23:967 and related provisions.

Plaintiff brings this action to remedy discrimination, harassment, and retaliation that occurred during his employment with First Student, Inc. and/or First Student of Orleans, LLC., including retaliation for engaging in activity protected by federal and state law, for exercising rights related to his workplace injury and disability, for inquiring about and asserting his rights under the collective bargaining agreement, and for exercising his legal rights and pursuing a lawsuit against a previous employer. Plaintiff further alleges that his labor union breached its duty of fair representation under the LMRA by failing to properly investigate, process, and pursue his grievance concerning the employer's unlawful conduct.

Plaintiff seeks all available legal and equitable relief, including back pay, front pay, compensatory and punitive damages, declaratory and injunctive relief, attorney's fees, and costs, to remedy the harm caused by Defendants' actions.

2

PARTIES

1.      Plaintiff, NATHANIEL WEBBER ("WEBBER"), is a person of the full age of majority and a citizen of the State of Louisiana, who is domiciled in Jefferson Parish, Louisiana, resides there, and intends to make it his permanent home. All acts, omissions, and unlawful conduct alleged herein were committed within the course of Plaintiff's employment in Harvey, Louisiana.

2.      Defendant FIRST STUDENT, INC. ("FIRST STUDENT 1") is a foreign corporation incorporated in Cincinnati, Ohio and domiciled in Wilmington, Delaware and authorized to do and doing business in the State of Louisiana and its principal place of establishment located in Baton Rouge, Louisiana. Defendant regularly conducts business within the Eastern District of Louisiana, including at its facility in Harvey, Louisiana. It may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower, Dr. Baton Rouge, LA 70816.

3.      Defendant, FIRST STUDENT OF ORLEANS, LLC, ("FIRST STUDENT ORELANS" collectively with FIRST STUDENT, INC. "FIRST STUDENTS") is a wholly owned subsidiary of FIRST STUDENT, INC., and incorporated in Cincinnati, Ohio and is a limited liability company authorized to do and doing business in the State of Louisiana, with its domicile in Baton Rouge, Louisiana. It may be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower, Dr. Baton Rouge, LA 70816.

4.      Defendant, AMALGAMATED TRANSIT UNION LOCAL 1560 ("UNION"), is a labor organization within the meaning of 29 U.S.C. § 152(5), serving as the exclusive collective bargaining representative for certain employees of First Student, including Plaintiff. Defendant may be served through its President, Business Agent, or other authorized officer at its principal office in New Orleans, Louisiana, or wherever its authorized agent for service may

3

be found.

## JURISDICTION AND VENUE

5.    This action arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.; the Civil Rights Act of 1991; and Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

6.    Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

7.    To the extent Plaintiff asserts claims arising under the Louisiana Employment Discrimination Law (LEDL), La. R.S. § 23:301 et seq.; the Louisiana Whistleblower Statute, La. R.S. § 23:967; and Louisiana Civil Code Article 2315, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because those state-law claims arise out of the same nucleus of operative facts as Plaintiff's federal claims.

8.    Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(b) because:

- The unlawful employment practices, discrimination, retaliation, and termination alleged herein occurred in Harvey, Louisiana, which lies within this judicial district; and

- Defendants First Student, Inc., First Student of Orleans, LLC, and Amalgamated Transit Union Local 1560 regularly conduct business and maintain operations within this District.

9.    At all times relevant hereto, the acts and omissions giving rise to this Complaint occurred in Harvey, Louisiana, within the territorial jurisdiction of the Eastern District of

Louisiana.

10.     Said Defendants are justly and truly indebted to Plaintiff.

## ADMINISTRATIVE PREREQUISITES

1.     Plaintiff timely attempted to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) on or about October 29, 2025, and with the National Labor Relations Board (NLRB) on or about October 31, 2025, alleging discrimination, retaliation, and related unlawful employment and collective bargaining practices by Defendants.

2.     Due to the federal government shutdown, both the EEOC and NLRB have been closed and/or operating at limited capacity, and Plaintiff has not yet received confirmation of processing, updates, or a Right-to-Sue Letter from either agency.

3.     Plaintiff anticipates receiving such authorization upon the agencies' reopening and will amend this Complaint as necessary to include those federal claims and factual details in full once the administrative process concludes.

4.     Nonetheless, Plaintiff files this action in an abundance of caution to preserve Louisiana state-law claims subject to different limitation periods, and to prevent any claim from being time-barred by continued administrative delay outside Plaintiff's control.

## FACTUAL ALLEGATIONS

1.     Plaintiff began employment with FIRST STUDENTS in or around May 2022.

2.     During Plaintiff's employment, Plaintiff performed job duties in a satisfactory and professional manner and met or exceeded the legitimate expectations of the employer.

3.     Throughout the course of employment, Plaintiff was subjected to discrimination, retaliation, and harassment by agents and employees of First Student.

4.     At one point during employment, Plaintiff suffered a torn labrum shoulder

injury and was placed on worker's compensation.

5. Following this injury, Plaintiff began experiencing increased resistance, hostility, and disparate treatment from supervisory personnel.

6. Despite being a unionized employee covered by a collective bargaining agreement (CBA), Defendants failed and refused to comply with the terms of the CBA, including those relating to discipline, grievance procedures, and workplace accommodations.

7. When Plaintiff raised concerns and made inquiries regarding these violations of the CBA and related workplace treatment, Plaintiff was met with unwarranted disciplinary actions and retaliatory conduct.

8. Subsequently, Defendants FIRST STUDENTS became aware that Plaintiff had filed a lawsuit against a previous employer.

9. After Defendants' management became aware of that prior lawsuit, the harassment and retaliation intensified.

10. Plaintiff was unfairly denied employment opportunities, subjected to heightened scrutiny, and issued disciplinary write-ups for frivolous and pretextual reasons.

11. For example, Plaintiff received a disciplinary write-up for failing to answer a phone call while operating a company vehicle, despite company policy prohibiting the use of a phone while driving.

12. Plaintiff was also disciplined for attending a scheduled physical therapy appointment related to the workplace injury, even though the appointment had been authorized and necessary for medical treatment.

13. Plaintiff was further subjected to threatening and intimidating remarks from supervisory personnel concerning Plaintiff's previous lawsuit. One supervisor stated, "I don't know what you've gotten yourself into," and on a separate occasion, "You know what happens

next, right?" When Plaintiff asked what was meant by that statement, the supervisor replied, "Just wait and see."

14. These threats and comments created a hostile and intimidating work environment.

15. Thereafter, the harassment and retaliation continued and escalated, including repeated unwarranted discipline, denial of opportunities, and interference with Plaintiff's medical care and physical therapy.

16. Plaintiff made good-faith complaints to Human Resources regarding the discriminatory and retaliatory conduct.

17. Instead of addressing the concerns, Defendants FIRST STUDENTS terminated Plaintiff's employment in retaliation for engaging in protected activity.

18. Plaintiff received a termination letter on May 6, 2025.

19. After the termination, Plaintiff sought assistance and representation from the Defendant, UNION to challenge the wrongful discharge and retaliation.

20. Despite multiple attempts to contact union representatives, Plaintiff's calls and messages were ignored or delayed without reasonable explanation.

21. The UNION failed to file a grievance, refused to pursue arbitration, and otherwise failed to advocate on Plaintiff's behalf, even though the CBA provided for grievance procedures and disciplinary review.

22. The UNION'S failure to act left Plaintiff without representation or recourse, effectively enabling the employer's retaliatory and discriminatory actions to stand unchallenged.

23. As a result of all named Defendants' conduct, Plaintiff suffered emotional distress, reputational harm, loss of income and benefits, and other compensatory damages.

24.     Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights under applicable law.

STATEMENT OF RELIEF

FEDERAL CLAIMS

COUNT I — DISCRIMINATION AND RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

2.     Defendants FIRST STUDENTS are an employers within the meaning of Title VII, 42 U.S.C. § 2000e, et seq.

3.     Plaintiff engaged in protected activity under Title VII by opposing discriminatory treatment, reporting harassment, and filing internal and union grievances related to retaliation and unfair treatment.

4.     Defendants FIRST STUDENTS subjected Plaintiff to adverse employment actions, including unwarranted discipline, isolation, reduced hours, denial of promotion, and termination.

5.     Defendants' actions were taken in retaliation for Plaintiff's protected activity, in violation of 42 U.S.C. § 2000e-3(a).

6.     As a result, Plaintiff suffered loss of employment, wages, benefits, and emotional distress.

COUNT II — DISCRIMINATION AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (ADA)

7.     Plaintiff re-alleges the preceding paragraphs.

8

8. Plaintiff is a qualified individual with a disability as defined under 42 U.S.C. § 12102(1), having suffered a work-related injury resulting in a torn labrum that substantially limited his ability to lift and reach.

9. Plaintiff notified Defendants of the injury and subsequently his medical condition and requested reasonable accommodation, including modified duties consistent with his doctor's restrictions.

10. Defendants failed to provide reasonable accommodation or engage in the interactive process required by 42 U.S.C. § 12112, et seq.

11. Defendants instead subjected Plaintiff to adverse actions, including unwarranted discipline, denial of advancement, and eventual termination.

12. Defendants' actions constitute disability discrimination and retaliation under 42 U.S.C. §§ 12112(a), et seq. and 12203(a).

<u>COUNT III — RETALIATION IN VIOLATION OF FEDERAL LAW</u>

13. Plaintiff re-alleges the preceding paragraphs.

14. Defendants FIRST STUDENTS, retaliated against Plaintiff for engaging in protected activity under federal law, including:

- Requesting accommodation and asserting rights under the ADA;

- Opposing discriminatory practices in the workplace;

- Filing internal complaints and grievances; and

- Exercising his legal rights by filing and participating in litigation against a previous employer, after which Defendants received a subpoena for his employment records.

15. The retaliatory acts included increased scrutiny, hostility, unwarranted discipline, unpaid suspensions, and ultimately termination.

16.    Defendants' conduct constitutes unlawful retaliation in violation of Title VII, the ADA, and the Civil Rights Act of 1991.

## CAUSE OF ACTIONS

### COUNT IV — VIOLATION OF LOUISIANA EMPLOYMENT DISCRIMINATION LAW
(La. R.S. § 23:301 et seq.)

17.    Plaintiff re-alleges the preceding paragraphs.

18.    Defendants FIRST STUDENTS, is an employer within the meaning of La. R.S. § 23:302(2).

19.    Defendants discriminated and retaliated against Plaintiff because of his disability and because he engaged in protected activity under Louisiana law.

20.    Defendants' conduct constitutes a violation of the Louisiana Employment Discrimination Law (LEDL), La. R.S. § 23:323 and § 23:967, and related provisions.

21.    As a result, Plaintiff suffered loss of income, benefits, and other damages recoverable under state law.

### COUNT V — RETALIATION AND WHISTLEBLOWER PROTECTION (La. R.S. § 23:967)

22.    Plaintiff re-alleges the preceding paragraphs.

23.    Plaintiff reported unsafe and unlawful workplace practices, including unsafe handling of fuel and violations of company policy and safety standards, to FIRST STUDENTS Safety Management.

24.    Instead of addressing his safety concerns, Defendant retaliated by placing Plaintiff on unpaid administrative leave, issuing frivolous write-ups, and ultimately terminating him.

25. Defendant's actions violated the Louisiana Whistleblower Statute, La. R.S. § 23:967, which prohibits retaliation against employees who report or refuse to participate in illegal acts.

## COUNT VI — BREACH OF DUTY OF FAIR REPRESENTATION UNDER LMRA §301 (29 U.S.C. § 185)

26. Plaintiff re-alleges the preceding paragraphs.

27. Defendant Amalgamated Transit Union Local 1560 (or other appropriate union) was the exclusive collective bargaining representative for Plaintiff and other FIRST STUDENTS' employees.

28. The UNION owed Plaintiff a duty of fair representation in processing grievances under the collective bargaining agreement.

29. The UNION breached that duty by failing to properly investigate, process, or pursue Plaintiff's grievances in good faith, and by acting arbitrarily, discriminatorily, and in bad faith.

30. The UNION'S failure to represent Plaintiff caused and compounded his injury and loss of employment, in violation of Section 9(a) of the National Labor Relations Act and Section 301 of the LMRA, 29 U.S.C. § 185.

## COUNT VII — JOINT AND CONCURRENT LIABILITY

36. The acts of the FIRST STUDENTS and the UNION jointly and concurrently caused Plaintiff's injuries. To the extent permitted by law, both are liable for the damages suffered by Plaintiff.

## DEMAND FOR DAMAGES

37. Plaintiff seeks recovery of all damages and remedies available under federal and Louisiana law as a result of Defendants' unlawful conduct, including but not limited to:

38.     Back Pay — including lost wages, overtime, and benefits from the date of his termination to the date of judgment;

39.     Front Pay — in lieu of reinstatement, representing future lost earnings and benefits;

40.     Compensatory Damages — for emotional distress, mental anguish, humiliation, loss of enjoyment of life, and other non-economic harm resulting from Defendants' discriminatory and retaliatory acts;

41.     Punitive Damages — against Defendant FIRST STUDENT, INC. and FIRST STUDENT OF ORLEANS, LLC, as permitted by Title VII, the ADA, and the Civil Rights Act of 1991, for willful and reckless disregard of Plaintiff's federally protected rights;

42.     Liquidated and Statutory Damages — as provided under applicable Louisiana statutes, including La. R.S. § 23:303, La. R.S. § 23:967, and La. C.C. art. 2315;

43.     Lost Benefits and Employment Opportunities — including retirement contributions, insurance, vacation pay, and promotional opportunities lost due to Defendants' conduct;

44.     Damages for Breach of Duty of Fair Representation — against Defendant AMALGAMATED TRANSIT UNION LOCAL 1560, for losses caused by its arbitrary, discriminatory, and bad-faith handling of Plaintiff's grievance and representation;

45.     Attorney's Fees and Costs — an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein ;

46.     Pre- and Post-Judgment Interest — as allowed by law; and

47.     Any and all other legal or equitable relief this Court deems just and proper to make Plaintiff whole and to deter future violations of federal and state employment laws.

<u>JURY TRIAL REQUESTED</u>

49. Plaintiff hereby seeks a jury trial as to all issues against Defendants.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that, after trial by jury, judgment be entered in his favor and against all named Defendants as follows:

A. For all damages recoverable under each Cause of Action and Claim for Relief, in an amount equal to the losses and injuries sustained by Plaintiff, such amount to be determined according to the evidence at trial and in excess of the jurisdictional minimum of this Court;

B. For compensatory, punitive, and exemplary damages as allowed by law;

C. For pre- and post-judgment interest, costs of suit, disbursements, and reasonable attorney's fees as provided by statute;

D. For such other and further relief as may be available under law and as this Honorable Court deems just, equitable, and proper;

FURTHER, Plaintiff prays that the precise nature and extent of his damages will be proven at trial, and he reserves the right to seek leave of Court to amend this Complaint to conform to the evidence as it develops;

FURTHER, Plaintiff demands that all issues so triable be determined by a jury.

Respectfully,

*s/JP Gorham*

_____

JP Gorham (Bar # 31746)
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jpgorham@gorhamlawfirm.com